# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 2:14-CR-01-DBH |
| | ) | |
| LYNN M. BOWDEN, | ) | |
| DEFENDANT | ) | |

## ORDER ON MOTION FOR SENTENCE REDUCTION

In 2014, I sentenced Lynn M. Bowden to 97 months in prison for theft by a bank employee and 36 months (concurrent) for making and signing a false tax return. Judgment at 2 (ECF No. 32). Recently Bowden filed a *pro se* motion "for some kind of relief on my sentence under [the First Step Act and the Elderly Offender Home Detention Program]." (ECF No. 36). By her motion she reveals that she is 68 years old and has served about five years in prison. Id. The government has opposed the motion.

I recently analyzed the compassionate release provisions of the First Step Act in United States v. Fox, 2019 WL 3046086, at *2 (D. Me. July 11, 2019). Ms. Bowden fails to qualify for compassionate release because she has not shown that 30 days have passed since she requested relief from her prison warden. See id. at *1. Even if she had, she does not qualify under the age and time-served provisions (70 years old and 30 years in prison) of the First Step Act, or under the extraordinary and compelling reasons provisions (medical condition; age,

deteriorating health, and amount of time served; family circumstances; or any other extraordinary and compelling reason) as I summarized them in Fox.  See U.S.S.G. § 1B1.13.

With respect to the First Step Act's continuation and liberalization of the Second Chance Act of 2007, 34 U.S.C. § 60541(g), dealing with releasing elderly offenders to home detention, it is the Attorney General who decides which institutions will participate, and the Bureau of Prisons (under the Attorney General) has the discretion to determine an offender's place of confinement.  As a result, and as the court held in United States v. Egan, 2019 WL 1552266, at *2 (S.D.N.Y. Apr. 10, 2019), a federal district judge has no authority under this portion of the statute to grant relief.  Accord Stark v. Rios, 2019 WL 2796766, at *2 (D. Minn. June 5, 2019), R&R adopted, 2019 WL 2766525 (D. Minn. July 2, 2019).

I therefore **DENY** the motion for sentence reduction.

**SO ORDERED.**

**DATED THIS 25TH DAY OF JULY, 2019**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**